## JACK SMITH *v.* THE STATE.

1. CRIMINAL LAW. *Perjury. Indictment. Challenges.* Where the defendant is charged in an indictment in two counts with perjury at different times and places, he is only entitled to ten challenges.

2. SAME. *Same. Same. Two counts. Election.* It was not error to refuse to quash an indictment for perjury, which in two counts charged the defendant with perjury at different times and places, nor was it error in the trial judge to refuse to compel the attorney-general to elect upon which count he would prosecute.

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. J. M. QUARLES, J.

W. HART for Smith.

ATTORNEY-GENERAL LEA for the State

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff in error swore before the grand jury that he saw one Weakley bet on a game of hazard and address at a certain time and place. This was sworn at the January term, 1880, of the criminal court of Davidson county. At the May term, 1881, upon the trial in the said court of said Weakley, for said offense, he swore he did not see said Weakley bet upon said game, and had never seen him bet in his life.

At a subsequent day of said May term, 1881, of said criminal court, the plaintiff in error was indicted for perjury. The indictment contained two counts, one assigning perjury in the swearing before the grand jury, and the other assigning perjury in the swearing upon the trial in the criminal court. Upon the trial the defendant was convicted and sentenced to three years in the penitentiary. He moved in arrest of judgment and for a new trial, and said motions having been overruled, he has appealed in error to this court.

Counsel for defendant insists that the court below erred in refusing to allow him more than ten challenges, because he says two offenses are charged in distinct counts, and he was entitled to ten challenges for each offense.

The indictment is for perjury, and on such an indictment the defendant is entitled to but ten challenges, no matter whether it contains one count only, or more. So there was no error in the refusal of the court to allow the number of challenges claimed.

It is further insisted that the court erred in refusing to quash the indictment, and also in refusing to compel the attorney-general to say on which of the two counts he would elect to try defendant, as the offenses were charged to have been committed at different times and places. The evidence is not set out and it does not appear upon which count the verdict was founded.

It has been held by this court that the joinder of several distinct felonies of the same grade and character in different counts, constitutes no ground of demurrer or arrest of judgment, and of course cannot be assigned as error in this court: 4 Hum., 194; 3 Lea, 558; 3 Heis., 158.

The court may, in its discretion, where the acts are distinct, to prevent prejudice to the prisoner, or embarrassment in his just defense, compel an election. But in a case like this, where it might be difficult for the State to determine on which occasion the false swearing was done, and where it was probable perjury had been committed, either before the grand jury, or on the trial, we think the action of the court was altogether proper.

The indictment informed the prisoner that he had sworn falsely in one case or the other, giving him ample opportunity to make his defense.

There is no error in the record, and the judgment will be affirmed.